# Peck *v.* Webber.

An agreement to convey a slave upon a certain contingency, does not rest such an interest as will enable the party with whom the contract is made to maintain *detinue* against a *bona fide* purchaser without notice.

An attachment creates a lien, which will be notice to subsequent purchasers.

IN ERROR from the circuit court of the county of Franklin.

MONTGOMERY & BOYD, for plaintiff in error.

COCKE, *contra.*

Mr. Justice CLAYTON delivered the opinion of the court.

This was an action of *detinue,* brought by the defendant in error against the plaintiff, in the Franklin circuit court, upon the following instrument: "Know all men by these presents, that I, Lydia Whitehead, have this day employed Richard W. Webber as my counsel and attorney at law to claim for me ten slaves, now in the jail of Franklin county, levied on by virtue of an attachment issued returnable to the next May term of the circuit court of said county, against James Hutchins. Now if the said Webber shall succeed in said suit, I bind myself to transfer and convey to said Webber my right, title and interests of, in and to slave Peter, one of said slaves; but I am not to warrant the title of said slave as his fee, in addition to a note I have this day given him. As witness my hand and seal this 22d day of March, 1841.

her

LYDIA ✕ WHITEHEAD. [Seal.]"

mark.

Peck *v.* Webber.

On the 24th of March, 1841, an agreement was entered into between Watt, Burke & Co. the plaintiffs in the attachment, and said Hutchins and Lydia Whitehead, by which Mrs. Whitehead surrendered all claim to the ten slaves, including Peter, and joined in a conveyance of them to Watt, Burke & Co. This conveyance was recorded on the 25th of March, 1841, and the slaves delivered to Peck, the plaintiff in. error, as the agent of the plaintiffs in the attachment. He set up no claim to Peter in his own right, but merely as the agent of Watt, Burke & Co. The attachment referred to issued on the 20th of March, and was levied upon the slaves the same day.

The first inquiry presented for the consideration of the court is, whether the instrument above set forth conveys a present title to the slave, or is a mere agreement to convey in future, upon the happening of a particular event. The language very plainly imports a mere agreement to convey in the event Mr. Webber should succeed in the suit. The legal title did not pass, and Mrs. Whitehead stipulates that when she should make the transfer, she was not to warrant the title. If this conveyance did not carry with it the legal title, the plaintiff could not sustain this action. His right, placed in the strongest point of view for him, depended on a condition precedent, and unless that condition was performed, the title did not pass. But we think that upon a compliance with the condition upon his part, the title would not pass without some other transfer by her.

At the time of the agreement made with Webber the negroes were in the custody of the law, and the plaintiffs had a lien upon them by virtue of the service of the attachment for the satisfaction of their debt. By the compromise afterwards entered into, the legal title to the slaves, Peter inclusive, was conveyed by the defendants in the attachment to the plaintiffs, and their lien which had its origin before the claim of Webber became united with the legal title by the conveyance. He took subject to that lien, and could not displace it in the absence of fraud, without its discharge. At the time Watt, Burke & Co. took their conveyance, it does not appear that they had any notice of the claim of the plaintiff; whilst he was fully apprized when he made the agreement with Mrs. Whitehead that their attachment had been levied.

Peck *v.* Webber.

In any view which we can take of the case, we think that as against the plaintiff in error, the claim of Webber is not such as to authorize his recovery.

There are several other points made in the record, which need not be considered, as this one disposes of the whole cause.

Judgment reversed.